H. W. LITTLE & CO. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 22 April, 1915.)

Carriers of Goods—Negligence—Damage to Shipment Repaired—Measure of Damages.

Where a shipment of buggies has been damaged by the negligence of the carrier, and it appears that the manufacturer has repaired the damage as a personal matter between it and the consignee, it is error for the trial judge in the latter's action to confine the measure of damages to the difference between the market value of the buggies at the time they were delivered to the defendant for shipment and their market value when the repairs had been made; for the plaintiff is entitled to recover

the reasonable cost of repairing the buggies had the manufacturer charged therefor, interest on the purchase price, together with such other damage as he may have proximately sustained by reason of the defendant's negligence; the difference between the value of the buggies when received by the carrier for shipment and their value when tendered to the consignee upon his demand for them being the rule of damages.

APPEAL by plaintiff from *Lane, J.,* at October Term, 1914, of ANSON.

Plaintiffs ordered twenty-three buggies, shafts and wheels, from Henderson-Hull Company at Valdosta, Ga., in July, 1907, and they were delivered to defendant to be shipped to the plaintiffs at Wadesboro, N. C. When they arrived at the latter place they were in a badly damaged condition, caused by defendant's negligence. The only question presented is the one relating to the measure of damages. The buggies were repaired by the Valdosta company, the cost of repair being $50, but that company made no charge against plaintiff for the same, releasing that amount to the plaintiffs. The court charged the jury that as the injury to the buggies was admitted, and the receipt of the same for shipment by the defendant, as carrier, to the plaintiff, "the (defendant) company would be liable for the damage sustained while it was transporting the property, and the measure of damages would be the difference in the market value of the buggies at the time they were delivered to the defendant for shipment and their market value when the repairs had been made on them by the plaintiffs," but that they were not entitled to have the $50, cost of repairing by the Valdosta company, considered in making the estimate of the damages, and the jury would disregard that part of the evidence and confine themselves to the rule already stated. The jury returned this verdict: "Is the defendant indebted to plaintiffs, and if so, in what amount? Answer: Nothing." Judgment was entered upon the verdict in favor of defendant, and plaintiff appealed.

*Robinson, Caudle & Pruette for plaintiff.*
*Coxe & Taylor for defendant.*

WALKER, J., after stating the case: There was some evidence as to the amount of damages agreed upon between the plaintiff and the local agent of the defendant at Wadesboro, but we have discovered no evidence of authority in him to make any such agreement, and we lay that matter out of the case. There was error in the charge as to damages. The court should have given the ordinary rule as to damages in such cases. It is thus stated in Hutchison on Carriers (3 Ed.), sec. 1362: "Where the goods have not been lost or destroyed during the transportation, but are delivered in a depreciated condition attributable to causes for which the carrier is responsible, the measure of damages is the difference, after deducting the cost of transportation, between their value as actually de-

livered, and as they should have been delivered, and with such other damages as have naturally and proximately resulted from the injury. Under the latter head, the owner would be entitled to recover for reasonable expenses in seeking to reclaim the goods, or in restoring them to their former condition, or endeavoring to reduce the loss to its lowest amount." And interest could be allowed by the jury. If the goods had been restored to their original value by the repairs, the measure of damages would, of course, be the reasonable cost of the repairs; if not fully restored, then the reasonable cost of repairs plus the difference in value of the buggies as restored and their original value. But the usual rule is the one laid down by Hutchison on Carriers, sec. 1362. It can make no difference to the defendant how the repairs were made. If the Valdosta company saw fit to repair the buggies, cost free to plaintiffs, it is no concern of defendant, as it was not done for its benefit and it does not lessen its liability. It must make good the loss sustained by its negligence in any event. Where the damaged goods are fully restored, so that there is no loss in value, the reasonable cost of repair may be the measure of damages. The fact that it cost $50 to repair the goods would be some evidence upon the question of damages, as going to show the loss in value, provided the charge for repairs was a reasonable one. The court erred in not stating the correct rule upon the measure of damages, and for this error another jury will be called.

New trial.